Alice **STROUP,** Plaintiff–Appellant,

v.

**GCS SERVICE, INC.; Tyfam Corporation; Parker R. Tyler; Gloria B. Tyler, Defendants–Appellees.**

**No. 1560, Docket 90–7902.**

United States Court of Appeals, Second Circuit.

Argued May 22, 1991.

Decided June 28, 1991.

Leonard J. Colamarino (Colamarino & Nagashima, New York City, of counsel), for plaintiff-appellant.

Owen D. Kurtin (Susan S. Egan, Edwards & Angell, Richard G. Menaker, Menaker & Herrmann, New York City, of counsel), for defendants-appellees.

Before KEARSE, MAHONEY, and SNEED,* Circuit Judges.

SNEED, Circuit Judge:

Plaintiff, Alice Stroup, appeals from the entry of summary judgment dismissing her complaint in the United States District Court for the Southern District of New York. Stroup contends that the trial judge wrongly concluded that there were no triable issues of fact. We agree with the plaintiff and vacate the district judge's summary judgment order.

I.

FACTS AND PROCEEDINGS BELOW

Stroup is the daughter of defendants Parker and Gloria Tyler. Both the Tylers are officers and directors of Tyfam Corporation (Tyfam), a holding company for GCS Service, Inc. (GCS). The Tylers are also directors and Officers of GCS. Tyfam stock is apparently convertible into shares of GCS at a ratio of approximately one to ten.

In 1981, Stroup became the owner of 3060 shares of Tyfam stock. These shares could be converted into approximately 30,000 GCS shares. In 1983, in an effort to help Stroup and her husband in their attempt to purchase an apartment in Paris, the Tylers suggested that Stroup redeem her Tyfam stock for $15,000. While suggesting that the stock was undervalued at that price, both the Tylers said they would attempt to replace the 3060 Tyfam shares with 30,000 GCS shares over a period of years.

Stroup accepted her parents' offer, tendered the shares to Tyfam, and received 30,000 GCS shares in return. GCS then redeemed the shares and paid Stroup $15,000. Stroup never received any of the promised replacement GCS shares from her parents.

In 1989, Stroup filed a complaint in federal district court against Tyfam, GCS, and her parents alleging violations of rule 10b–5 and the Securities Exchange Act of 1934 (Act) and various pendent state claims for breach of contract, common law fraud, and breach of fiduciary duty. At her deposition, Stroup testified that she viewed the $15,000 as a gift from her father. She said that she gave up her 3060 Tyfam shares to accommodate her parents and that she expected to later receive 30,000 GCS shares from her parents. She admitted that she had thought her father "forgot" to fulfill his agreement concerning the replacement stock. Stroup stated in her affidavit that the $15,000 was a gift and that her expectation was to receive GCS shares in exchange for the Tyfam shares she surrendered.

The district judge reviewed these facts and the applicable law and concluded that the alleged misrepresentations did not constitute violations of the securities laws. The judge held that any misrepresentation as to the parents' intent to replace the surrendered shares was not actionable because Stroup failed to make any showing of scienter on the part of her father. The court opined that there was no reliance by Stroup on any misrepresentation as to the value of the Tyfam shares because she did not care about their value since she expected the shares would be replaced over time. Having rejected the plaintiff's claims under the federal securities laws, the court also dismissed the plaintiff's pendent state claims.

II.

JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1291 (1988).

* Honorable Joseph T. Sneed, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

## III.

## STANDARD OF REVIEW

Review of a district court's grant of summary judgment is de novo. *Gibson v. American Broadcasting Cos.*, 892 F.2d 1128, 1131 (2d Cir.1989). Therefore, this court sits in the same position as the district court and applies the same summary judgment test that governs the district court's decision. *Kronfeld v. Trans World Airlines, Inc.*, 832 F.2d 726, 731 (2d Cir. 1987), *cert. denied*, 485 U.S. 1007, 108 S.Ct. 1470, 99 L.Ed.2d 700 (1988). Reading the record in the light most favorable to the nonmoving party, we can only uphold the summary judgment order if we agree that there is no genuine issue as to any material fact. *Id.*

## IV.

## DISCUSSION

The circumstances of this complicated transaction combined with the Tylers' failure to give Stroup any GCS shares suggest that the Tylers may never have intended to replace the Tyfam shares with GCS stock. Stroup's belief that her father may have forgotten about his promise has no bearing on what her father actually intended when he proposed this transaction.

There are also issues of fact as to Stroup's reliance. In their 1983 letter, the Tylers told Stroup that her stock was "at present prices, worth almost $15,000" and that it was against her long term interest to sell at that time because they "would expect that the shares would be worth more in the future than they are now." In opposition to the summary judgment motion, Stroup stated that, having been informed that the 1983 value of the stock was "almost $15,000," she did not recognize any risk of ending up in a losing position by surrendering the stock in exchange for the proposed $15,000 "gift" if her parents did not replenish it. Stroup stated that, unbeknownst to her, however, the book value of the stock at that time was in fact $60,000 and that she would not have accepted her parents' offer if that fact had been disclosed to her. Drawing all inferences in her favor, a rational finder of fact could conclude that Stroup would have decided that a gift of $15,000 in exchange for stock that was worth $60,000 was not worth the risk that the stock would not be replenished.

We believe the grant of summary judgment dismissing appellant's federal securities claims was inappropriate. In light of our reversal, we find it necessary to also vacate the district judge's dismissal of the pendent state law claims. Our remand should allow for a more complete development of the record supporting these claims.

Our conclusion in this case is strengthened by the uncertainty surrounding the purposes that may have motivated this transaction. Clearly, the parents intended to put $15,000 into the hands of their daughter. But later events demonstrate that other motivations may have played a part as well. Further discovery may more fully reveal the purposes that motivated this transaction.

The summary judgment order in favor of the defendants is vacated.